EDWARD F. FLEMING ET AL., PLAINTIFFS, v. WILLIAM C. BURRELL, DEFENDANT.

Argued October 7, 1926—Decided January 25, 1927.

**Assault and Battery—Landlord and Tenant—Landlord and Tenant Engaged in a Dispute Over Rent—Both Alleged Assault— Complainant's Wife was Also Assaulted by Defendant, the Landlord—Judgment For Wife, No Judgment For Either Husband or Defendant—Held, Verdict is According to Weight of Evidence.**

On defendant's rule to show cause.

Before Justices PARKER, BLACK and CAMPBELL.

For the plaintiffs, *William I. Garrison.*

For the defendant, *Clarence L. Cole.*

PER CURIAM.

Plaintiffs are husband and wife, and rented a dwelling-house of the defendant. There was some question about the rent being in arrear, and defendant went one morning about seven-thirty to see the husband about it before he went away to his work. Fleming asked him in, and asked what was the object of the visit. Burrell said rent. Fleming said all rent had been paid. An altercation took place, and Fleming asked Burrell to leave. At this point the testimony becomes contradictory. Burrell says Fleming struck him and continued to do so as he was leaving, that this, in effect, led to a clinch in which Burrell's shoulder went through the glass of the door. Fleming says Burrell refused to leave, and that he, Fleming, pushed him out of the door and turned the key, and that Burrell returned and smashed in the door; that at this juncture Mrs. Fleming, who was far gone in pregnancy, came down stairs and that Burrell struck or pushed her so hard as to force her back over the stove and

strain her back, as a result of which she shortly thereafter began to have uterine hemorrhages and finally had a premature birth. These are the two conflicting stories; there is some testimony about inconsistent statements, and so on, but the controversy on the material facts is epitomized above.

The jury found a verdict for the woman for $2,500 and no verdict for the husband; likewise, no verdict for Burrell on his counter-claim for assault and battery. There was a second count in the complaint for malicious prosecution, but this was not relied on at the trial. The reasons argued are that the verdict was against the weight of evidence, was excessive, and that there was error in the charge.

It is quite evident that the jury took the not unreasonable view that as between the two men, neither was shown to be the original aggressor, but that they were satisfied on the testimony that defendant had done needless violence to the woman, and mulcted him for that. It is said that this verdict is inconsistent and illogical, but we think it can be supported on a tenable theory of the case.

We do not think the damages excessive, especially as the court charged, and as we think correctly, that on a certain finding of facts punitive damages might be assessed.

The part of the charge about a house being a man's castle, and defendant being an unwelcome caller, we think is not legally erroneous. It is true that both admit that the defendant was at first asked into the house, but the moment he was asked to leave, then he did become an unwelcome caller.

The rule to show cause will be discharged.